FORM 32. Response to Notice to Advise of Scheduling Conflicts    Form 32
    March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## RESPONSE TO NOTICE TO ADVISE OF SCHEDULING CONFLICTS

**Case Number:** 2024-1137

**Short Case Caption:** Insulet Corporation v. EOFlow Co., Ltd.

**Party Name(s):** Insulet Corporation

**INFORMATION:** The court uses this form to determine whether and when to schedule cases for oral argument. Arguing counsel may be changed later, but a motion to reschedule is required once the court schedules argument. Please plan in advance to adhere to the limit on the number of arguing counsel in Fed. Cir. R. 34(e).

**Argument Waiver**     ☐ My party intends to waive oral argument.

NOTE: Filers checking this box must still complete the below sections. **The court may still schedule this case for oral argument even if any party intends to waive argument.** If scheduled, parties may still elect to waive argument using the response to notice of oral argument form.

**Other Parties Representing Interests**

☐ Counsel for another party will represent my party's interests at oral argument

NOTE: If this box is checked, skip the remaining sections. Any argument date will be selected based on conflict dates for counsel arguing on behalf of your party.

**Name of Expected Arguing Counsel** | William M. Jay

**Dates Unavailable**

Do you have dates of unavailability within the specific sessions identified by the court's Notice to Advise of Scheduling Conflicts in your case?

☒ Yes     ☐ No

If yes, attach a separate sheet listing **up to ten dates** of unavailability and **include a statement showing good cause for each date**. Dates without good cause or that do not pertain to arguing counsel (e.g., client conflicts) will not be accepted. The court will only accept dates for one counsel and only if that counsel has filed an entry of appearance. The Clerk's Office will evaluate and note accepted or rejected conflict dates; counsel may contact the Clerk's Office about re-filing if dates are rejected. *See* Fed. Cir. R. 34(d); Practice Notes to Rule 34.

FORM 32. Response to Notice to Advise of Scheduling Conflicts　　　　　　　　　　Form 32
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　March 2023

**Potential Case Conflicts**

Are there other pending cases before this court (regardless of case status) in which expected arguing counsel in this case also expects to argue?

☑ Yes　　　　☐ No

If yes, attach a separate sheet listing those cases.

I certify the above information and any attached statement is complete and accurate. I further certify that I will update my notice should new conflicts arise or existing conflicts change.

Date: 03/18/2024　　　　　Signature: /s/ William M. Jay

　　　　　　　　　　　　　Name: William M. Jay

**Update to Dates Unavailable**

This Court previously accepted my conflict dates for **May 6-10, 2024**, based on two cases tentatively calendared for oral argument that week. The Fourth Circuit has now calendared one of those two cases for oral argument in Richmond, VA on Thursday, **May 9**. I will be traveling to Richmond on Wednesday, **May 8**. The other case previously tentatively calendared for that sitting does not appear on the May calendar that the Fourth Circuit released on March 15. Although I will have one Fourth Circuit argument during that sitting rather than two, I respectfully request that the Court maintain the previously accepted conflict dates. I understand that this Court's Oral Argument Conflict Guide states that it will ordinarily allow only one day for preparation for a "hearing." To the extent that this includes an oral argument in another court of appeals, in this case I respectfully submit that the additional time is justified by the complexity of the case I will argue in the Fourth Circuit, a corporate-governance case involving four discrete issues under Maryland law. The company defendants have separate counsel, and I will be arguing a portion of the case on behalf of all parties, not just my clients. The preparation and coordination of my presentation with all parties and the other arguing counsel will take more than one day, especially given the need to travel to Richmond the day before. At a minimum, if the Court calendars this case for the same week as the Fourth Circuit argument, I request that the Court allow as much time as possible between arguments.

All other dates and potential case conflicts that I have previously submitted remain unchanged.

*/s/ William M. Jay*
